## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**KENNETH HUTT,**

            **Plaintiff,**        **:**

    **v.**

                                  **Case No. 2:20-cv-1108**
                                  **Judge Sarah D. Morrison**
                                  **Chief Magistrate Judge Elizabeth**
**GREENIX PEST CONTROL,**                **A. Preston Deavers**
**LLC,** *et al.***,**                  **:**

            **Defendants.**

## OPINION AND ORDER

Plaintiff Kenneth Hutt has styled this action as a collective action brought under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.*, as amended ("FLSA"), and as a Rule 23 class action under state wage and hour laws. The matter is now before the Court on the Defendants' Motion to Dismiss the Second Amended Complaint. (Mot. to Dismiss, ECF No. 30.) Mr. Hutt filed a Response in Opposition to the Motion (Resp., ECF No. 34) and the Defendants have replied (Reply, ECF No. 38). While Defendants' Motion to Dismiss was pending, Mr. Hutt filed a Motion for Leave to file a Third Amended Complaint. (ECF No. 40.) Defendants oppose granting Mr. Hutt such leave. (ECF No. 41.) These matters are now ripe for decision. For the reasons that follow, Defendants' Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART** and Mr. Hutt's Motion for Leave to Amend is **DENIED**.

## I.    BACKGROUND

Mr. Hutt initiated this action with the filing of a Complaint on February 28, 2020, naming as defendants Greenix Pest Control LLC, Greenix Holdings LLC, Matthew Flanders, Robert Nilsen, and Nilsen Ventures LLC. (ECF No. 1.) The Complaint alleged that the claims were FLSA claims brought as a class action under Federal Rule of Civil Procedure 23. (*Id.*) Defendants timely answered the Complaint. (ECF No. 7.) Mr. Hutt then filed a First Amended Complaint ("FAC"), clarifying that his FLSA claim (Claim I) is a collective action. (FAC, ECF No. 19.) Allegedly "[p]ursuant to this court's pendent jurisdiction under 28 U.S.C. § 1367," Mr. Hutt also added Rule 23 class action claims under the state wage and hour laws of Ohio (Ohio Rev. Code Ann. § 4111.01, *et seq.*; Claim II), Illinois (820 Ill. Comp. Stat. Ann. 115/1 *et seq.*; Claim III), Kentucky (Ky. Rev. Stat. Ann. § 337.010, *et seq.*; Claim IV), Michigan (Mich. Comp. Laws § 408.411 *et seq.*; Claim V), and New Jersey (N.J. Stat. Ann. § 34:11-56a, *et seq.*; Claim VI). (*Id.*)

Before Defendants' deadline to move or plead in response to the FAC, Mr. Hutt sought leave to file a Second Amended Complaint ("SAC"). (ECF No. 25). That motion was granted, and the SAC was filed on July 28, 2020. (SAC, ECF No. 29). In response to the SAC, Defendants filed the instant Motion to Dismiss.

## II.    PLAINTIFF'S ALLEGATIONS

According to the SAC, which is currently the operative pleading, Mr. Hutt was employed as an hourly employee by Greenix Pest Control LLC "and other Defendants." (SAC, ¶ 1.) Mr. Hutt asserts that he and all putative FLSA collective/Rule 23 class members (hereinafter referred to simply as the "putative

2

class members") served in the position of Pest Control Technician with one or more of the Defendants during the previous three years. (*Id*., ¶ 10.)

A Pest Control Technician's daily duties included procuring chemicals and diluting water, making calls to customers while en route to work assignments, assessing vehicle condition and recording mileage, driving to work assignments, and, occasionally, driving to the corporate office. (*Id*.) Mr. Hutt alleges that these duties could take one to three hours per day, and that Defendants required that they be performed "off the clock." (*Id*.) Mr. Hutt further alleges that Defendants did not permit him and the putative class members to "clock" certain time spent driving their vehicles, cleaning their vehicles, or laundering their uniforms. (Id., ¶¶ 11–14.) Mr. Hutt alleges that, when this additional time is added to the hours paid, Defendants failed to pay minimum wage and overtime compensation to him and to the putative class members, in violation of the FLSA and state wage and hour laws. (*Id*., ¶¶ 17, 19.)

## III.  DISCUSSION

The FLSA requires employers to pay at least a specified minimum wage for each hour worked and overtime compensation for employment in excess of forty hours in a workweek. 29 U.S.C. §§ 206, 207(a)(1). As the statute specifies, "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). As to minimum wage, "[e]very employer shall pay to each of his employees . . . wages at [specified] rates . . . ." 29

U.S.C. § 206(a). "The legislative debates indicate that the prime purpose of the legislation was to aid the unprotected, unorganized and lowest paid of the nation's working population[.]" *Moran v. Al Basit LLC*, 788 F.3d 201, 204 (6th Cir. 2015) (quoting *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 n.18 (1945)). The Ohio wage and hour statute contains similar provisions to its federal counterpart (*see, e.g.* Ohio Rev. Code Ann. § 4111.03), as do the statutes of Illinois (*see, e.g.*, 820 Ill. Comp. Stat. Ann. 105/4a), Kentucky (*see, e.g.*, Ky. Rev. Stat. § 337.285), Michigan (*see, e.g.*, Mich. Comp. Laws § 408.414a), and New Jersey (*see, e.g.*, N.J. Stat. Ann. § 34:11-56a4).

Defendants seek dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1), (b)(2), and (b)(6) on the grounds that: (1) Mr. Hutt has failed to state a claim under either the FLSA or Ohio wage and hour laws, and (2) this Court lacks personal jurisdiction over the non-Ohio Defendants.[1] (Mot. to Dismiss; Reply.) Mr. Hutt argues in response that Defendants have waived any defenses regarding pleading deficiencies or lack of personal jurisdiction. (Resp.) Mr. Hutt's waiver arguments are without merit, given the timing and succession of the pleadings to date. Accordingly, the Court will address the merits of Defendants' arguments before addressing Plaintiff's Motion to Amend.

---

[1] The "non-Ohio Defendants" are all Defendants except Matthew Flanders. Although the proposed Third Amended Complaint presents some discrepancy over Mr. Flanders' residence, the operative pleading represents that Mr. Flanders is a resident of Ohio.

**A.** **The Second Amended Complaint sufficiently pleads Claims I and II against Greenix Holdings LLC d/b/a Greenix Pest Control LLC.**

Rule 12(b)(6) authorizes dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To meet this standard, the complaint must allege sufficient facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a Rule 12(b)(6) motion, a court construes the complaint in the light most favorable to the non-moving party, accepting as true all of plaintiff's factual allegations. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).

Nonetheless, a court must read Rule 12 in conjunction with Rule 8(a), which requires a short and plain statement of the claim showing that the plaintiff is entitled to relief. *Ogle v. BAC Home Loans Servicing LP*, 924 F. Supp. 2d 902, 907 (S.D. Ohio 2013). Thus, the pleading's factual allegations, assumed to be true, must do more than create mere speculation or suspicion of a legally cognizable claim; they must show entitlement to relief. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. As such, while a plaintiff is not required to set forth detailed factual allegations at the pleading

5

stage, the complaint must contain a basis upon which relief can be granted; a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *Id.*, 556 U.S. at 679. *See also* Fed. R. Civ. P. 8(a). A Rule 12(b)(6) dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012) (internal quotation omitted).

Here, Defendants argue that Mr. Hutt has failed to sufficiently allege (1) that he had an employment relationship with any of the named Defendants, (2) that the Defendants failed to pay him minimum wage or overtime, and (3) facts to support a collective action.

### 1. Mr. Hutt has sufficiently alleged that Greenix Holdings LLC d/b/a Greenix Pest Control LLC was his employer.

The FLSA defines "[e]mployer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). This is a broad definition—but, as the Sixth Circuit has recognized, "[t]he remedial purposes of the FLSA require the courts to define 'employer' more broadly than the term would be interpreted in traditional common law applications." *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991) (internal quotation omitted). Under this broad definition, several people may simultaneously be considered employers under the FLSA. *Id.* "The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages.'" *Id.* (quoting *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st

Cir. 1983)). "To be classified as an employer, it is not required that a party have exclusive control of a corporation's day-to-day functions. The party need only have 'operational control of significant aspects of the corporation's day to day functions.'" *Id.* at 966 (emphasis deleted) (quoting *Agnew*, 712 F.2d at 1514). "Whether a party is an employer within the meaning of the FLSA is a legal determination." *Id.* at 965.

Mr. Hutt's allegations are straightforward and sufficient as to Greenix Holdings LLC d/b/a Greenix Pest Control LLC.[2] He alleges that he was "employed by Defendant Greenix Pest Control LLC" from February 19, 2019, to October 16, 2019. (SAC ¶ 1, 18.) Thus, Defendants misrepresent the SAC when they argue that Mr. Hutt "does not even expressly identify his own employer[.]" (Mot. to Dismiss, 8 (citing SAC, ¶ 10).)

As to the "other Defendants," Mr. Hutt alleges only that:

- Matthew Flanders "is an owner of Defendant Greenix Pest Control LLC and other Defendants[;]"
- Robert T. Nilsen "is an owner of Defendant Greenix Pest Control LLC and other Defendants[;]" and
- Nilsen Ventures LLC "is an owner of Defendant Greenix Pest Control LLC and other Defendants."

(SAC, ¶¶ 5–7.) The Court is not required to accept Mr. Hutt's "labels and conclusions, . . . [as] a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Mr. Hutt does not allege any facts to support the notion that these "other Defendants" acted in concert to deprive

---

[2]According to Defendants, Greenix Pest Control LLC is not a legal entity and maintains no employees; rather, Greenix Pest Control LLC is a d/b/a used by Greenix Holdings LLC. (Robert Nilsen Decl., ¶ 4, ECF No. 31.) Accordingly, for purposes of this Motion, any reference to Greenix Pest Control LLC shall be understood as Greenix Holdings LLC d/b/a Greenix Pest Control LLC.

him of his statutory rights to minimum wage and overtime pay. "[N]aked assertion[s] . . . without some further factual enhancement [ ] stop[ ] short of the line between possibility and plausibility of entitle[ment] to relief." *Id.* at 557 (internal quotations omitted). Mr. Hutt's labeling of the other Defendants as "employers," when he alleges no facts that any of them had any management responsibility or operational control over Greenix Pest Control LLC, is insufficient. Merely having an ownership interest in an FLSA employer is not enough to create liability; yet, that is all Mr. Hutt has alleged as to Matthew Flanders, Robert Nilsen, and Nilsen Ventures LLC. Accordingly, all claims against Matthew Flanders, Robert Nilsen, and Nilsen Ventures LLC are hereby **DISMISSED**; Defendants' Motion to Dismiss is **GRANTED** to that extent.

> ### 2. Mr. Hutt has sufficiently pled that Greenix Pest Control LLC failed to pay him minimum wage and overtime.

Defendants next argue that Mr. Hutt fails to sufficiently allege minimum wage and overtime claims. Although some circuits have created a heightened pleading standard for FLSA plaintiffs, "courts in the Sixth Circuit have rejected attempts to tighten the post-*Twombly/Iqbal* pleading standard under the FLSA." *Comer v. Directv, LLC*, No. 2:14-cv-1986, 2016 WL 853027, at *9 (S.D. Ohio Mar. 4, 2016) (collecting cases and finding that plaintiffs adequately pled an FLSA violation by estimating their average workweek and their average weekly wage and alleging that "in an average workweek they were not paid over-time or minimum wage"). Thus, in this Court, "extensively detailed factual pleading is not required in the context of an FLSA claim, so long as a defendant is given sufficient notice of the

*prima facie* claim that it is being asked to defend." *Roberts v. Corr. Corp. of Am.,* No. 3:14-cv-2009, 2015 WL 3905088, at *7 (M.D. Tenn. June 25, 2015). *See also Clark v. Pizza Baker, Inc.*, No. 2:18-cv-157, 2019 WL 4601930, at *3–4 (S.D. Ohio Sept. 23, 2019) (rejecting defendants' arguments to apply a heightened pleading standard); *Simpson v. Baskin*, No. 3:17-cv-1077, 2018 WL 1070897, at *7 (M.D. Tenn. Feb. 26, 2018); *Maclin v. Reliable Reports of Tex., Inc.*, 314 F. Supp. 3d 845, 851–52 (N.D. Ohio 2018). To state a *prima facie* case of entitlement to overtime pay under the FLSA, a plaintiff must allege that: defendants are engaged in commerce as defined by the FLSA; plaintiffs are employees as defined by the FLSA; and, as employees for defendants, plaintiffs were not paid minimum wage or that they worked more than forty hours per week and were not paid overtime compensation for the hours worked in excess of forty. *See, e.g., Brown v. Allied Commc'ns Corp.*, No. 1:18-cv-689, 2020 WL 868207, at *5 (S.D. Ohio Feb. 21, 2020).

Mr. Hutt alleges that he was required by Greenix Pest Control LLC to perform specific tasks, accounting for one to three hours each day, for which he was not compensated. (SAC ¶ 10). Mr. Hutt further alleges that he spent time each week doing additional work for which he was not allowed to clock in and for which he was not paid. (*Id.*, ¶¶ 11-14). He then asserts that, when this uncompensated time is added to the hours for which he was paid, he was not compensated at minimum wage and that Greenix Pest Control LLC "failed to pay proper overtime compensation of time one and a half." (*Id.*, ¶ 19). This is sufficient.

Defendants seem to argue that the FLSA requires a talismanic phrase or

9

other specifics to state a claim. (*See* Mot. to Dismiss, p. 8–9.) However, as noted above, detailed factual pleading is not required. Here, Mr. Hutt has sufficiently pled facts that, if proven to be true, make out a plausible claim that he performed work for which he was not compensation at the rates required by law. Defendants' Motion to dismiss Claims I and II is **DENIED**.

> **3.    Mr. Hutt has sufficiently pled a collective action as to Greenix Pest Control LLC.**

To recover unpaid compensation owed under the FLSA, employees can collectively sue their employer. *See* 29 U.S.C. § 216(b). The FLSA establishes two requirements for a collective action: the plaintiffs must (1) be "similarly situated" and (2) signal in writing their affirmative consent to participate in the action. *Id.*; *Comer v. Wal-Mart Stores, Inc.,* 454 F.3d 544, 546 (6th Cir. 2006).

"The certification process in an FLSA collective action typically proceeds in two phases." *Atkinson v. TeleTech Holdings, Inc.,* No. 3:14-cv-253, 2015 WL 853234, at *2, (S.D. Ohio Feb. 26, 2015). The first stage generally takes place prior to or at the beginning of discovery, at which time the court must determine whether to conditionally certify a FLSA class and whether notice of the lawsuit should be given to putative class members. *Id.* at *2–3. Because the court has minimal evidence at this stage, the determination is made using a "fairly lenient standard." *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 213 (S.D. Ohio 2011). A plaintiff need only make a "modest factual showing" that he is similarly situated to the putative class members—that he and the other putative class members "'suffer from a single, FLSA-violating policy' or [that] their claims are 'unified by common theories of

defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct.'" *Ford v. Carnegie Mgmt. Servs., Inc.,* No. 2:16-cv-18, 2016 WL 2729700, at *2 (S.D. Ohio May 11, 2016) (citation omitted). The second stage of the certification process comes after discovery has concluded, at which time the Court will reconsider, with greater scrutiny, whether the putative class members are actually similarly situated. *Atkinson,* 2015 WL 853234 at *3.

Mr. Hutt has not yet moved for conditional certification, so he is not yet required to show that his position is similar to the positions held by members of the putative class. Rather, on the Motion to Dismiss, the issue is whether he sufficiently alleged a collective action under Section 216(b) of the FLSA. The Court concludes that he has, in part.

Mr. Hutt has set forth allegations of a class-wide practice by Greenix Pest Control LLC of not paying minimum wage and overtime wages to Pest Control Technicians. He has alleged that there were numerous Pest Control Technicians employed by Greenix Pest Control LLC in Ohio, that all of these technicians performed similar work and were treated similarly in that they were not allowed to be on the clock or compensated for certain work performed, and that that practice caused them not to receive minimum wage and overtime pay that they had earned.[3] (SAC, ¶¶ 9–20.) Whether any of these technicians would opt-in to the suit remains

---

[3] However, similar to his allegations regarding the "other Defendants" for his own claims (see § III.A.1., *supra*), Mr. Hutt has made only bare, unsupported allegations that the putative class members worked for "one or more of the Defendants during the last three years." (SAC, ¶ 10). This is not enough to assert collective action claims against Matthew Flanders, Robert Nilsen, and Nilsen Ventures LLC.

to be seen. At this stage of the litigation, the Court cannot conclude that Plaintiff can prove no set of facts that would entitle him, or those he would represent, to relief. Defendants' Motion to dismiss the collective action claims is **DENIED**.

> **B.    This Court lacks personal jurisdiction over putative class members' claims against Greenix Holdings LLC d/b/a Greenix Pest Control LLC arising from conduct occurring outside of Ohio.**

Rule 12(b)(2) provides for dismissal of a lawsuit for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2).  The plaintiff bears the burden of proving that jurisdiction exists. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). "[I]n the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Id*. If a court rules on a Rule 12(b)(2) motion prior to trial, "it has the discretion to adopt any of the following courses of action: (1) determine the motions based on affidavits alone; (2) permit discovery, which would aid in resolution of the motion; or (3) conduct an evidentiary hearing on the merits of the motion." *Intera Corp. v. Henderson*, 428 F.3d 605, 614 n.7 (6th Cir. 2005). "[T]he decision whether to grant discovery or an evidentiary hearing before ruling on a 12(b)(2) motion is discretionary." *Burnshire Dev., LLC v. Cliffs Reduced Iron Corp.*, 198 F. App'x 425, 434 (6th Cir. 2006). Here, no party has requested further discovery or an evidentiary hearing, and the Court concludes that neither is necessary to rule on Defendants' Motion.

When a court resolves a Rule 12(b)(2) motion based on "written submissions and affidavits . . . rather than resolving the motion after an evidentiary hearing or

limited discovery, the burden on the plaintiff is 'relatively slight,' . . . and 'the plaintiff must make only a *prima facie* showing that personal jurisdiction exists in order to defeat dismissal.'" *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007) (citations omitted).  In the absence of an evidentiary hearing, a court will generally apply a *prima facie* standard weighing the evidence in the light most favorable to the plaintiff. *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998). Nonetheless, the court may consider a defendant's undisputed factual assertions. *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012). If "there does not appear to be any real dispute over the facts relating to jurisdiction, the *prima facie* proposition loses some of its significance." *Id.* (internal quotations omitted).

Here, Mr. Hutt asserts that this Court has subject matter jurisdiction over the FLSA claim, with pendent jurisdiction over the state law claims. When jurisdiction over a case is based upon a federal question, personal jurisdiction over a defendant exists "if the defendant is amenable to service of process under the [forum] state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant[ ] due process." *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (internal quotation omitted) (alterations in original). To satisfy due process, a court's exercise of its power over an out-of-state defendant must "not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted). "[T]he defendant's conduct and connection with the forum State [must be] such that he should reasonably

anticipate being hailed into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). The Due Process Clause of the Fourteenth Amendment recognizes two types of personal jurisdiction—general and specific—either one of which is adequate to confer jurisdiction over a defendant. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

"If a court has general jurisdiction over a defendant, it can adjudicate any claims involving that defendant, regardless of where the cause of action arose." *Maclin*, 314 F. Supp. 3d at 849. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home[,]" such as the corporation's place of incorporation and its principal place of business. *Goodyear*, 564 U.S. at 924. General jurisdiction may also exist over an out-of-state corporation when its contacts with the forum state "are so continuous and systematic as to render it essentially at home in the forum state." *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct.1549, 1558 (2017). However, "[m]aintaining extensive operations within a state alone does not satisfy the general-jurisdiction exception." *Maclin*, 314 F. Supp. 3d at 849 (noting that the Supreme Court found in *BNSF Ry. Co.*, that, although BNSF operated one of its automotive facilities in Montana, had more than 2,000 Montana employees, and had more than 2,000 miles of Montana railroad tracks, it was not subject to general jurisdiction in Montana).

"Specific jurisdiction refers to jurisdiction over claims arising from or related to a defendant's contacts with the forum state." *Id*. For specific jurisdiction to arise,

"there must be 'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" *Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 137 S. Ct. 1773, 1780 (2017) (quoting *Goodyear*, 564 U.S. at 919) (alteration in original). The Sixth Circuit has "promulgated a three-prong test that not only guides the determination of whether specific jurisdiction exists, but also protects the due process rights of a defendant[:]"

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Intera Corp.*, 428 F.3d at 615 (citing *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)). "Failure to meet any one of the three prongs means that personal jurisdiction may not be invoked." *Maclin*, 314 F. Supp. 3d at 849.

Here, this Court lacks general jurisdiction over the only remaining Defendant, Greenix Pest Control, LLC. Mr. Hutt alleges only that the company is "headquartered" in Utah and is "a Utah corporation." (SAC, ¶¶ 3, 4.) The mere fact that a company does business in Ohio does not confer general jurisdiction over that company upon this Court, absent a showing of operations or contacts that are "so substantial and of such a nature as to render the corporation at home in [this] State." *BNSF Ry. Co.*, 137 S. Ct. at 1558 (internal quotation marks omitted). Mr. Hutt has made no such showing. Turning to the question of specific jurisdiction, this Court has jurisdiction over claims by Mr. Hutt and putative class members for

15

conduct arising from Greenix Pest Control, LLC's operations in the State of Ohio. The question becomes whether this Court can exercise specific jurisdiction over Greenix Pest Control, LLC for putative class members' claims arising from conduct occurring *outside* of Ohio (these putative class members being, "non-Ohio putative class members"). The Court concludes that it cannot.

Personal jurisdiction must be proper as to each claim. *SunCoke Energy Inc. v. MAN Ferrostaal Aktiengesellschaft*, 563 F.3d 211, 217, 219 (6th Cir. 2009) (White, J., concurring; Rogers, J., dissenting). In the context of FLSA collective actions, this means that a federal court does not have jurisdiction over claims against a nonresident defendant where the claims have no connection to the forum state. *See Maclin*, 314 F. Supp. 3d at 849; *Rafferty v. Denny's*, No. 5:18-cv-2409, 2019 WL 2924998 (N.D. Ohio July 8, 2019). This conclusion rests on an interpretation of the Supreme Court's recent decision in *Bristol-Myers*, 137 S.Ct. 1773. In *Bristol-Myers*, vis-à-vis eight separate complaints, a group of 600 plaintiffs sued Bristol-Myers in a California state court asserting a variety of state-law claims based on injuries allegedly caused by the drug, Plavix. The plaintiffs resided all over the country—86 resided in California, and the rest resided in one of 33 other states. Bristol-Myers was incorporated in Delaware and headquartered in New York, with substantial operations in New York and New Jersey. Bristol-Myers sold Plavix in California, and operated five research labs, employing 160 people and 250 sales representatives in the state. Based on its California operations, the California Supreme Court "concluded that [Bristol-Myers'] extensive contacts with California permitted the

16

exercise of specific jurisdiction" over the claims of the nonresident plaintiffs. *Bristol-Myers*, 137 S. Ct. at 1779 (internal quotation omitted). On review, the Supreme Court reversed the state court's finding based on "settled principles of personal jurisdiction." *Id*. at 1783. The Court made clear that its decision was limited to the issue of "the due process limits on the exercise of specific jurisdiction by a *State*," *Id*. at 1783–84 (emphasis added), leaving "open the question whether the Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court." *Id*. at 1784 (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 102 n.5 (1987) (noting that, "[u]nder [petitioner's] theory, a federal court could exercise personal jurisdiction, consistent with the Fifth Amendment, based on an aggregation of the defendant's contacts with the Nation as a whole, rather than on its contacts with the State in which the federal court sits" but finding no occasion to consider that theory).

In the three years since *Bristol-Myers*, the Sixth Circuit has not addressed whether that decision applies to FLSA collective actions or Rule 23 class actions. Both Ohio District Courts, however, have done so. *See Progressive Health & Rehab Corp. v. Medcare Staffing, Inc.*, No. 2:19-cv-4710, 2020 WL 3050185 (S.D. Ohio June 8, 2020) (Marbley, CJ.) (claims brought under Telephone Consumer Protection Act); *Wiggins v. Bank of America, North America*, No. 2:19-cv-3223, 2020 WL 5642422 (S.D. Ohio Sept. 22, 2020) (Sargus, J.) (claims based on assessment of bank overdraft fees); *Maclin*, 314 F. Supp. 3d at 845; *Denny's*, 2019 WL 2924998. In each of the two instances in which this Court (the District Court for the Southern

17

District of Ohio) has addressed the application of *Bristol-Myers*, it has concluded that the decision <u>does not</u> apply to Rule 23 class actions. *Progressive Health & Rehab Corp.*, 2020 WL 3050185, at *4 ("*Bristol-Myers*' holding does not reach nationwide [Rule 23] class actions because absent class members are not considered 'parties' to an action for jurisdictional purposes."); *Wiggins*, 2020 WL 5642422, at *9 (following *Progressive Health & Rehab. Corp.*). Neither decision involved FLSA collective action claims. Nonetheless, Chief Judge Marbley noted that, while "it is far from settled that *Bristol-Myers* applies to FLSA collective actions," the reason why it <u>might</u> does "not exist in Rule 23 class actions, which are different from other types of aggregate litigation." *Progressive Health & Rehab. Corp.*, 2020 WL 3050185, at *4 (citations omitted); *Wiggins*, 2020 WL 5642422, at *9 (recognizing same and likening an FLSA collective to mass tort claim plaintiffs, as in *Bristol-Myers*).

Both of the decisions from the Northern District considered FLSA collective action claims directly and found that *Bristol-Myers* <u>does</u> apply. Their reasoning is persuasive:

> As noted by the Court in *Bristol-Myers*, "restrictions on personal jurisdiction 'are more than a guarantee of immunity from inconvenient or distant litigation. They are a consequence of territorial limitations on the power of the respective States.'" *Bristol-Myers*, 137 S. Ct. at 1780 (quoting *Hanson v. Denckla*, 357 U.S. 235, 251, 78 S. Ct. 1228, 2 L.Ed. 2d 1283 (1958)). "[D]ue process, as an 'instrument of interstate federalism,' requires a connection between the forum and the specific claims at issue." *Mussat v. IQVIA Inc.*, No. 17 C 8841, 2018 WL 5311903, at *5 (N.D. Ill. Oct. 26, 2018). "This recognition bars nationwide class actions in fora where the defendant is not subject to general jurisdiction. Whether it be an individual, mass, [collective], or class action, the defendant's rights should remain constant." *Id.* (citing *e.g.*,

18

> *Mgmt. Support Servs., Inc.*, 301 F. Supp. 3d at 861 (deciding that under "the Rules Enabling Act, a defendant's due process interest should be the same in the class [or collective] context" as all others)). "The constitutional requirements of due process do[ ] not wax and wane when the complaint is individual or on behalf of a class [or collective]. Personal jurisdiction in class [and collective] actions must comport with due process just the same as any other case." *In re Dental Supplies Antitrust Litig.*, No. 16 Civ. 696 (BMC)(GRB), 2017 WL 4217115, at *9 (E.D.N.Y. Sept. 20, 2017) (cited by *Roy*, 353 F. Supp. 3d at 56 (FLSA case)).

*Denny's*, 2019 WL 2924998, at *7. Thus, "*Bristol-Myers* applies to FLSA [collective action] claims, in that it divests [Ohio's federal] courts of specific jurisdiction over the FLSA claims of non-Ohio [putative class members] against [non-Ohio defendants]." *Maclin*, 314 F. Supp. 3d at 850; *see also Denny's*, 2019 WL 2924998, at *7.

Accordingly, this Court finds that exercising personal jurisdiction over Greenix Pest Control, LLC with respect to any non-Ohio putative class member's FLSA claims would violate due process. (In light of this conclusion, the Court need not analyze whether Greenix Pest Control, LLC is amenable to service of process under Ohio's long-arm statute.) Without jurisdiction over the non-Ohio putative class members' FLSA claims, this Court similarly has no authority to exercise jurisdiction over their related state wage and hour law claims. *See* 28 U.S.C. § 1367. The Defendants' motion to dismiss Claim I with respect to any non-Ohio putative class member, as well as Claims III, IV, V, and IV, is **GRANTED**. Those claims are **DISMISSED** for lack of personal jurisdiction.

### C.    Mr. Hutt's Motion for Leave to file the Third Amended Complaint is denied.

Courts have discretion to determine whether to dismiss a complaint or to grant

the plaintiff the opportunity to amend. *See United States ex rel. Bledsoe v. Cmty. Health Syst., Inc.*, 342 F.3d 634, 644 (6th Cir. 2003). When a "more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Id.* (citing *EEOC v. Ohio Edison Co.*, 7 F.3d 541, 546 (6th Cir. 1993)).

The proposed Third Amended Complaint ("TAC") would add scant factual allegations. (*See* TAC, ECF No. 40-1, *generally*.) Rather, it seeks to add allegations regarding Defendants' status as an "enterprise" that is "intertwined," and that the individual Defendants "own[] and/or control[] the other corporate Defendants". (*See* TAC, ¶¶ 1, 5, 6.) The TAC would also clarify that the reference to 'overtime' means time worked in excess of forty hours per workweek. (*Id.*, ¶ 21.) Significantly, Mr. Hutt seeks to add three new claims for alleged violations of state wage and hour laws in Utah, Pennsylvania, and Indiana. (*Id.*, ¶¶ 43–51.)

Mr. Hutt has already amended his complaint two times. As discussed in detail above, the SAC fails to state a claim against Defendants Matthew Flanders, Robert T. Nilsen, and Nilsen Ventures LLC. A review of the proposed TAC reveals persistent deficiencies. Although the amendment would attach additional legal labels to these three Defendants, it does not add any supporting factual allegations. As to the jurisdictional issues, amendment would be futile. Finally, as to Claims I and II, the Court has already concluding that the SAC sufficiently pleads a claim for conduct taking place in Ohio. Thus, there is no need for Mr. Hutt to amend his complaint as to those claims. Accordingly, Mr. Hutt's Motion for Leave to file a Third Amended

Complaint is **DENIED.**

IV.     **CONCLUSION**

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**. Claim I is **DISMISSED** with respect to all non-Ohio putative class members for conduct outside of Ohio; Claims III, IV, V, and VI are **DISMISSED** in their entirety; and, all claims are **DISMISSED** as against Defendants Matthew Flanders, Robert T. Nilsen, and Nilsen Ventures LLC. Finally, Mr. Hutt's Motion for Leave to file a Third Amended Complaint is **DENIED**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**