IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KENNETH HUTT,

        Plaintiff,     :

  v.                                   Case No. 2:20-cv-1108
                                     Judge Sarah D. Morrison
                                     Chief Magistrate Judge Elizabeth
GREENIX PEST CONTROL,          A. Preston Deavers
LLC, *et al.*,                  :

        Defendants.

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Kenneth Hutt's Motion for Stay (ECF No. 44) and his Corrected Motion for Partial Reconsideration[1] (ECF No. 48). Defendants have filed responses in opposition to both Motions (ECF Nos. 52, 53), and Mr. Hutt has replied (ECF Nos. 55, 56). These matters are ripe for decision. For the reasons that follow, Mr. Hutt's Motion for Stay and Motion for Partial Reconsideration are **DENIED**.

**I.    BACKGROUND**

Mr. Hutt filed his initial Complaint against Greenix Pest Control LLC, Greenix Holdings LLC, Matthew Flanders, Robert Nilsen, and Nilsen Ventures LLC on February 28, 2020. (ECF No. 1). He subsequently filed an Amended Complaint (ECF No. 19) and Second Amended Complaint (SAC, ECF No. 29).

---

[1] Mr. Hutt's original Motion for Partial Reconsideration (ECF No. 47) is denied as moot.

Defendants moved to dismiss the SAC. (ECF No. 30.) This Court granted that motion in part on November 24, 2020 (November 24 Order, ECF No. 42.) Relevant to the instant Motions, the Court dismissed Mr. Hutt's FLSA collective action claim (Claim I) with respect to all non-Ohio putative class members for conduct outside of Ohio and dismissed Mr. Hutt's non-Ohio state wage and hour law claims (Illinois, Claim III; Kentucky, Claim IV; Michigan, Claim V; and New Jersey, Claim VI) in their entirety. (*Id.*) This Court concluded that it lacks personal jurisdiction over defendants with respect to these claims. (*Id.*) The Court also found that Mr. Hutt failed to state a claim as to Defendants Matthew Flanders, Robert Nilsen, and Nilsen Ventures, and dismissed them as parties to this action. (*Id.*)

Following issuance of the November 24 Order, Mr. Hutt moved to stay this action pending a decision by the Sixth Circuit Court of Appeals in *Canaday v. Anthem Cos.*, Case No. 20-5947. (ECF No. 44.) Mr. Hutt argues that the appellate court's decision in that case will address an issue in this case—*i.e.*, whether a federal district court can exercise specific jurisdiction over a defendant for putative class members' claims arising from conduct occurring *outside* of the forum state. (*Id.*) Mr. Hutt also moved the Court to reconsider part of its November 24 Order. (ECF No. 46). The Court will address each, in turn.

## II. MOTION FOR STAY

A district court's power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The party seeking a stay of proceedings has the

burden of establishing both the "pressing need for delay" and "that neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977). *See also Landis*, 299 U.S. at 255 (stating that the movant "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else"). In determining whether to grant a stay, "district courts often consider the following factors: the need for a stay, the balance of potential hardship to the parties and the public, and the promotion of judicial economy." *Ferrell v. Wyeth-Ayerst Labs., Inc.*, No. 1:01-CV-447, 2005 WL 2709623, at *1 (S.D. Ohio Oct. 21, 2005) (Beckwith, J.) (citation omitted).

Mr. Hutt argues that a stay is necessary because the Sixth Circuit's decision in *Canaday* could determine that this Court has jurisdiction to hear his class and collective action claims for out-of-state putative plaintiffs. But "the pendency of an appeal in a parallel case does not serve as automatic ground for a stay simply because the other case might impact this litigation." *Ferrell*, 2005 WL 2709623, at *2. In this case, each of the factors weigh in favor of denying the stay.

First, Mr. Hutt has not shown a pressing need to stay proceedings in this case. The decision in *Canaday* will not impact Mr. Hutt's individual claims. Mr. Hutt was employed by Greenix in Ohio. (*See* SAC, ¶ 18.) Although Mr. Hutt purports to bring his claims, as a "collective and class representative," on behalf of similarly situated Greenix employees from Ohio and other states, no others have

3

sought to join him as opt-in plaintiffs. Nor has the Court dismissed any putative plaintiffs asking the Court to adjudicate their claims.[2] In other words, there is no evidence that any out-of-state putative plaintiffs want their dispute heard in the Southern District of Ohio. Further, the Court has not made any determination as to conditional certification of a § 216(b) class, or certification of a Rule 23 class. Moreover, Mr. Hutt's assertion that, without a stay, he will have "no other option but to [file] separate lawsuits in the eight states of Defendant's operations" is simply not true. (ECF No. 44, 3.) Regardless of the outcome in *Canaday*, Mr. Hutt's representative claims could be heard[3] together, in one forum: a court with general jurisdiction over Greenix.

Second, a stay would be prejudicial to Defendants. As Defendants rightly point out, Mr. Hutt's claims "turn on testimony from supervisors and co-workers. . . . As time passes, the relevant fact witnesses may move out of the jurisdiction or may simply be hard pressed to remember essential details." (ECF No. 52, 4.) And, third, denying Mr. Hutt's motion for stay promotes judicial economy. If there are any out-of-state putative class members who, in light of the November 24 Order, cannot join this action, they can pursue their claims in an appropriate forum without delay. Finally, the Court notes that, while the interlocutory appeal in

---

[2] Notably, the District Court in *Canaday* had dismissed three opt-in out-of-state plaintiffs because their claims were not related to the defendants' activities in the forum state. *Canaday v. Anthem Companies, Inc.*, 439 F.Supp.3d 1042 (W.D. Tenn. 2020).

[3] This statement pertains only to the jurisdictional aspect, and offers nothing about Mr. Hutt's likelihood of success on the merits in any other forum.

4

*Canaday* has been fully briefed, it has not yet been set for oral argument. Accordingly, it may be some time before a decision is rendered.

Mr. Hutt's Motion for Stay (ECF No. 44) is **DENIED**.

### III.  MOTION FOR PARTIAL RECONSIDERATION

Mr. Hutt also moves the Court to reconsider, in part, its November 24 Order. As the Supreme Court noted in *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, "every order short of a final decree is subject to reopening at the discretion of the district judge." 460 U.S. 1, 12 (1983) (citing Fed. R. Civ. P. 54(b)). "A district court may modify, or even rescind, such interlocutory orders." *Mallory v. Eyrich,* 922 F.2d 1273, 1282 (6th Cir. 1991) (citation omitted). In the interest of finality, however, "courts should grant motions for reconsideration sparingly." *Mobley v. Warden London Corr. Inst.*, No. 2:09-CV-638, 2010 WL 3586964, at *2 (S.D. Ohio Sept. 13, 2010) (Watson, J).

Mr. Hutt now argues that "the Court gave Defendants relief that they never requested and where Plaintiff, to his manifest injustice, did not have an opportunity to respond." (ECF No. 48, 2.) In Mr. Hutt's reading, Defendants' Motion to Dismiss did not argue that "there were pleading deficiencies with respect to either Robert Nilsen, Matthew Flanders, nor Nilsen Ventures as Defendants." (*Id.*) Accordingly, he asserts that the Court's dismissal of these defendants on that basis was improper. (*Id.*) This argument fails because it ignores reality. At Section III(A)(1)(a), Defendants' Motion to Dismiss specifically argued that Mr. Hutt had "fail[ed] to sufficiently allege an employment relationship" necessary to sustain an FLSA claim. (ECF No. 30, 7.) In that section, Defendants re-stated the specific allegations in the

5

SAC regarding Mr. Nilsen, Mr. Flanders, and Nilsen Ventures before arguing that Mr. Hutt failed to allege that he had an employment relationship with any of them. (*Id*.) The Court dismissed the claims against Mr. Nilsen, Mr. Flanders. and Nilsen Ventures because:

> Mr. Hutt's labeling of [these three defendants] as "employers," when he alleges no facts that any of them had any management responsibility or operational control over Greenix Pest Control LLC, is insufficient. Merely having an ownership interest in an FLSA employer is not enough to create liability; yet, that is all Mr. Hutt has alleged as to Matthew Flanders, Robert Nilsen, and Nilsen Ventures LLC.

(November 24 Order, 8.)

Accordingly, Mr. Hutt's Motion for Partial Reconsideration (ECF No. 47) lacks merit and is **DENIED**.

IV. **CONCLUSION**

For the reasons set forth above, Mr. Hutt's Motion for Stay (ECF No. 44) is **DENIED**. His original Motion for Partial Reconsideration (ECF No. 47) is **DENIED** as moot. And his Corrected Motion for Partial Reconsideration (ECF No. 48) is also **DENIED**.


   **IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**

6