UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KENNETH HUTT,**

      **Plaintiff,**      :

  v.                               Case No. 2:20-cv-1108
                                   Judge Sarah D. Morrison
                                   Magistrate Judge Elizabeth A.
**GREENIX PEST CONTROL,**           Preston Deavers
**LLC,** *et al.*,                   :

      **Defendants.**


**OPINION AND ORDER**

    Kenneth Hutt was formerly employed as a Pest Control Technician (an hourly employee) at Greenix Holdings, LLC. He claims that Greenix failed to fully compensate him for off-the-clock work that he did, failed to pay him overtime, and failed to pay him minimum wage. (ECF No. 29.)

    There are several motions currently pending. For the reasons set forth below, the Court rules as follows on those motions: The Court holds in abeyance Mr. Hutt's Motion for Conditional Class Certification. (ECF No. 75.) Defendant's Motion to Strike (ECF No. 105) is **GRANTED**. Mr. Hutt's Motion for Protective Order and Court Supervision Regarding Defendant's Communications with Putative Plaintiffs (ECF No. 104) is **DENIED**. Plaintiff's Motion for Leave to File Supplemental Evidence in Connection with the Motion for Protective Order (ECF No. 117) is **DENIED as moot**. Mr. Hutt's Motion to Compel Discovery (ECF No. 95) is **DENIED**.

I.     PROCEDURAL BACKGROUND

Mr. Hutt filed his Second Amended Complaint on July 28, 2020, asserting that he was bringing this case as both a collective and class action. (SAC, ECF No. 29.) Following briefing on a Motion to Dismiss, the Court issued an Opinion and Order dismissing several of the named defendants and several of Mr. Hutt's claims. (ECF No. 42.) After the Court's ruling, Mr. Hutt was left with a Fair Labor Standards Act ("FLSA") Claim in Count I and an Ohio wage and hour claim in Count II. (*Id.*) As to his FLSA claim, the Court dismissed all non-Ohio putative class members for conduct outside of Ohio. (*Id.*) The only remaining defendant is Greenix Holding, LLC.

II.    MR. HUTT'S MOTION FOR CONDITIONAL CLASS CERTIFICATION

The FLSA requires employers to pay their employees "a wage consistent with the minimum wage . . . and instructs employers to pay employees overtime compensation, which must be no less than one-and-one-half times the regular rate of pay, if the employee works more than forty hours in a week." *Keller v. Miri Microsystems LLC*, 781 F.3d 799, 806 (6th Cir. 2015) (internal citations and quotations omitted). "Congress passed the FLSA with broad remedial intent to address unfair methods of competition in commerce that cause labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." *Monroe v. FTS USA, LLC*, 860 F.3d 389, 396 (6th Cir. 2017) (internal citations and quotations omitted). To further that goal, the statute provides:

> Any employer who violates the provisions of [29 U.S.C. §§ 206 or 207] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . . An action to recover the liability prescribed in the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

29 U.S.C. § 216(b).

District Courts in the Sixth Circuit have been using a two-step analysis to determine whether a plaintiff meets his burden to establish that he is similarly situated to the putative collective action members.[1] However, the Sixth Circuit recently agreed to consider the appropriate framework for conditionally certifying a collective action. *See In re: A&L Home Care and Training Ctr., et al.*, Sixth Circuit Case No. 21-305 (ECF No. 12) (granting petition for leave to interlocutory appeal the district court's partial grant of an FLSA collective action and holding that the Sixth Circuit will review the issue of what standard to apply when conditionally certifying a collective action, i.e., a one-phase or two-phase inquiry); *see also Brooke Clark, et al v. A&L Home Care and Training Center, LLC, et al.*, Sixth Circuit Case Nos. 22-3101, 22-3102 (opened appeals). *A & L Home Care* was argued before the

---

[1] The first step, conditional certification, has been conducted at the beginning of the discovery process. The standard at the first step has been "fairly lenient and typically results in conditional certification of a representative class." *Myers v. Marietta Mem'l Hosp.*, 201 F. Supp. 3d 884, 890 (S.D. Ohio 2016) (Marbley, J.) (quotation omitted). The second step, final certification, has been conducted after discovery concluded, when the Court would "examine more closely the question of whether particular members of the class are, in fact, similarly situated." *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 547 (6th Cir. 2006).

Sixth Circuit on December 7, 2022. Sixth Circuit Case Nos. 22-3101 (ECF No. 44), 22-3102 (ECF No. 43). In light of the Sixth Circuit's consideration of *A & L Home Care*, several district courts have stayed pending FLSA actions, noting "clarification will reduce the danger of having to consider this issue twice should the Sixth Circuit decide that the two-step certification process is no longer viable, which would redound to the benefit of the parties as well as the Court." *Cordell v. Sugar Creek Packing Co.*, No. 2:21-cv-755, 2022 WL 4111175, at *3 (S.D. Ohio Aug. 16, 2022) (Marbley, C.J.); *see also, among others, Albert v. Honda Development & Mfg.*, No. 2:22-cv-694, 2023 WL 1097448 (S.D. Ohio Jan. 30, 2023) (Sargus, J.); *Lovendahl v. Kroger Co.*, No. 1:21-cv-350, 2022 WL 594806 (S.D. Ohio Feb. 28, 2022) (Barrett, J.); *McLemore v. KAV Health Grp., LLC*, No. 3:22-cv-155, 2022 WL 17490394 (S.D. Ohio Nov. 18, 2022) (Gentry, M.J.).

In this case, neither party has sought to stay the case pending resolution of *A & L Home Care*. Accordingly, the Court will not stay this matter, but it will hold in abeyance Mr. Hutt's Motion for Conditional Class Certification pending a decision from the Sixth Circuit.

### III. DEFENDANT'S MOTION TO STRIKE

Despite being titled a "Motion to Strike Collective Action Allegations," Defendant's Motion and Memorandum in Support address only the class action allegations contained in the SAC—not the FLSA collective action allegations. (ECF No. 105.) In fact, nowhere in the Motion does Defendant reference or discuss 29 U.S.C. § 216(b), which is the analytical framework for Mr. Hutt's FLSA collective

4

action claims. Rather, Defendant's Motion is premised on Rule 23 of the Federal Rules of Civil Procedure, which establishes the standards applicable to Mr. Hutt's purported class action claim. (*Id.*)

### A. Defendant's Motion to Strike is timely filed.

In response to Defendant's motion, Mr. Hutt first argues that the motion was untimely under the Rules of Civil Procedure because Rule 12(f) requires such motions to be filed before a defendant files a responsive pleading and Rule 12(g) requires all motions under Rule 12 to be joined together. (ECF No. 123-1, PageID 804–05.) Mr. Hutt asserts that Defendant cannot now file a motion to strike because it previously filed a motion to dismiss.

Mr. Hutt is wrong. While some federal courts have cited Rule 12(f) as authorizing a motion to strike class action allegations, the Sixth Circuit has made clear that motions to strike class action allegations are authorized by Rule 23(c)(1) and can be filed at any time. *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011) ("a defendant may freely move for resolution of the class-certification question whenever it wishes"); *see also McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 559 (5th Cir. 1981) (a court also has an independent obligation to decide whether an action is properly brought as a class action even when neither party moves for a ruling on certification). "Either plaintiff or defendant may move for a determination of whether the action may be certified under Rule 23(c)(1)," and the court is not obliged to wait for a motion for class certification by the Plaintiff before deciding whether a class may be certified.

5

*Pilgrim*, 660 F.3d at 949 (citing 7AA Charles Allen Wright, et al., *Wright & Miller Federal Practice and Procedure* § 1785).

      **B.    Mr. Hutt fails to allege sufficient facts to proceed as a class action.**

If a court determines that a complaint does not allege facts that would satisfy the demands of Rule 23 of the Federal Rules of Civil Procedure, it may strike the class action allegations. *Progressive Health & Rehab Corp. v. Quinn Med., Inc.*, 323 F.R.D. 242, 244 (S.D. Ohio 2017) (Marbley, J.). However, "courts should exercise caution when striking class action allegations based solely on the pleadings," *id.* at 244–45, because it is often more prudent "to assess the propriety of class certification in the context of a fully briefed class certification motion rather than in the context of a motion to strike class claims at the pleading stage." *See Geary v. Green Tree Servicing, LLC*, No. 2:14-CV-00522, 2015 WL 1286347, at *17 (S.D. Ohio Mar. 20, 2015) (Marbley, J.) (citation omitted). With that said, a complaint must present "[f]actual allegations . . . enough to raise a right to [class certification] above the speculative level . . . on the assumption that all the allegations in the complaint are true[.]" *Green v. Liberty Ins. Corp.*, No. 15-10434, 2016 WL 1259110, *2 (E.D. Mich. Mar. 30, 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (with revisions)).

When a party files a motion to strike class action allegations, the plaintiff bears the burden of proving that Rule 23 has been satisfied. See *Geary*, 2015 WL 1286347, at *16 (citing *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996)).

Consideration of Defendant's Motion to Strike "must begin and end with a 'rigorous analysis' into whether the prerequisites of Rule 23 are met." *Jimenez v. Allstate Indem. Co.*, No. 07-cv-14494, 2010 WL 3623176, at *3 (E.D. Mich. Sept. 15, 2010) (*citing Stubbs v. McDonald's Corp.*, 224 F.R.D. 668, 674 (D. Kan. 2004)); *see also Thomas v. Moore USA, Inc.*, 194 F.R.D. 595, 597 (S.D. Ohio 1999) (Rice, C.J.). Subsection (a) of Rule 23 lays out four threshold requirements applicable to all class actions: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. And Subsection (b) requires that parties seeking class certification must show that the action is maintainable under Rule 23(b)(1), (2), or (3).

In addition to Federal Rule of Civil Procedure 23, when a plaintiff brings a purported class action, this Court's Local Rules require:

> A complaint or other pleading asserting a class action shall contain sufficient allegations to identify the class and the claim as a class action, including, but not limited to:
>
> (a) The approximate size and definition of the alleged class;
> (b) The basis upon which the party or parties maintaining the class action or other parties claimed to be representing the class are alleged to be adequate representatives of the class;
> (c) The alleged questions of law and fact claimed to be common to the class;
> (d) The grounds upon which it is alleged that the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (e) Allegations intended to support findings required by the respective subsections of Fed. R. Civ. P. 23(b)(1), (2), or (3).

S.D. Ohio Civ. R. 23.2.

When a court concludes that a plaintiff has failed to sufficiently allege facts as required under the Local Rules, or that he will be able to meet the prerequisites

of Rule 23, the class allegations must be stricken.

Here, while Mr. Hutt has arguably alleged commonality and typicality, he has failed to sufficiently allege numerosity, that he would adequately represent the class, or facts to support any findings under Rule 23(b).

### 1. Numerosity

Rule 23(a)(1) requires that the putative class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). While this provision is "often referred to as the 'numerosity' requirement . . . the Rule's core requirement is that joinder be impracticable." *Green*, 2016 WL 1259110, at *3 (citing William Rubenstein, Alba Conte, & Herbert B. Newberg, *Newberg on Class Actions* § 3:11 (5th ed. 2013)). "[W]hile the exact number of class members need not be pleaded or proved, impracticability of joinder must be positively shown, and cannot be speculative." *In re OnStar Contract Litig.*, 278 F.R.D. 352, 373 (E.D. Mich. 2011) (citation omitted). Considerations for whether joinder is impracticable include the ease with which class members may be identified, the nature of the action, geographical dispersion of the class, financial resources of class members, reluctance of individual class members to sue individually, and judicial economy. *See, e.g., Ganci v. MBF Inspec. Services, Inc.*, 323 F.R.D. 249, 255–57 (S.D. Ohio 2017) (Smith, J.); *Kerr v. Holsinger*, No. CIV.A.03-68-JMH, 2004 WL 882201, *2 (E.D. Ky Mar. 25, 2004).

"[T]he numerosity requirement requires examination of the specific facts of each case and imposes no absolute limitations." *Gen. Tel. Co. v. EEOC*, 446 U.S.

318, 330 (1980). Plaintiffs "must show some evidence of or reasonably estimate the number of class members." *Turner v. Grant Cty. Det. Ctr.*, No. CIV.A. 05-148-DLB, 2008 WL 821895 (E.D. Ky. Mar. 26, 2008) (citations and quotation omitted).

Mr. Hutt alleges that his proposed class would have over 200 members (SAC ¶ 15), but he alleges no facts to support this assertion. Just providing an approximate number of potential class members is not determinative of whether joinder is impracticable. Mr. Hutt's failure to include any factual allegation that support a conclusion that joinder of absent class members is impracticable is particularly notable in light of the fact that the only class action claim remaining after the Court's ruling on the Motion to Dismiss is a claim under Ohio law for actions taken in Ohio. Even if the Court were to assume that all proposed "over 200 class members" referenced in the SAC are in Ohio, Mr. Hutt has failed to allege facts sufficient to satisfy Rule 23(a)(1)'s requirements.

### 2. Adequacy of Representation

Mr. Hutt also failed to allege that, as a class representative, he could "fairly and adequately protect the interests of the class" as required by Rule 23(a)(4) and Local Rule 23.2(b). This provision of Rule 23 requires the class representative to "demonstrate a willingness and ability to play an active role in and control the litigation and to protect the absent class members." *J.B.D.L. Corp. v. Wyeth-Ayerst Labs, Inc.*, 225 F.R.D. 208, 216 (S.D. Ohio 2003) (Beckwith, J.) (citation omitted). To fulfill his obligation, a representative plaintiff must "possess a sufficient knowledge and understanding of the case that he may be said to be capable of controlling or

9

prosecuting the litigation." *Id*. Mr. Hutt's failure to state any allegations regarding the adequacy of his proposed representation, particularly in conjunction with Mr. Hutt's failure to define a proposed class in the SAC, makes it impossible for the Court to determine whether Mr. Hurt could "fairly and adequately protect" class-members' interests. The SAC is insufficient to satisfy the requirements of the Rule 23 and Local Rule 23.2.

### 3. Rule 23(b) Requirements

Because Mr. Hutt has failed to allege facts sufficient to satisfy the threshold requirements of Rule 23(a) and Local Rule 23.2, the Court need not consider whether he has alleged sufficient facts under Rule 23(b). Nevertheless, the SAC also fails to provide a definition of the class the Mr. Hutt proposes to represent and fails to identify the type of class under Rule 23(b) that he hopes to certify. The only class-action provision cited by Mr. Hutt is Rule 23(a)(3) (SAC ¶ 1), which specifies that one of the prerequisites for a class action is that "the claims or defenses of the representative parties are typical of the claims or defenses of the class."

Mr. Hutt's SAC allegations fall well-short of the requirements of either Federal Rule 23 or Local Rule 23.2. The Court grants Defendant's Motion and strikes all class-action allegations from the SAC. This wage-and-hour dispute will not proceed as a class action.

## IV. MR. HUTT'S MOTION FOR PROTECTIVE ORDER

Mr. Hutt filed a motion that he captioned as a Motion for Protective Order and Court Supervision Regarding Defendant's Communications with Putative

Plaintiffs. (ECF No. 104.) The Motion is brought "[u]nder Fed. Rule Civ. Pro. Rule 26(5)(C)(D) (*sic*)" and seeks a protective order prohibiting Defendant from communicating with putative plaintiffs about this lawsuit. (*Id.*, PageID 563.) The Motion further states that it "is founded upon Ohio law which applies to Plaintiff's claim based on Ohio wage and hour law" and does not apply to Mr. Hutt's FLSA claims. (*Id.*, PageID 564.)

In light of the Court's ruling on Defendant's Motion to Strike, Mr. Hutt's Motion for Protective Order is **DENIED**. Plaintiff's Motion for Leave to File Supplemental Evidence in Connection with the Motion for Protective Order (ECF No. 117) is **DENIED as moot**.

V.    **MR. HUTT'S MOTION TO COMPEL**

Mr. Hutt's final pending motion is a Motion to Compel Discovery. (ECF No. 95.)

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Pursuant to the Federal Rules of Civil Procedure, a court may confine discovery to the claims and defenses asserted in the pleadings; parties have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings. *Weidman v. Ford Motor Co.*, No.: 18-12719, 2021 WL 2349400, at *2 (E.D. Mich. June 9, 2021) (quoting Rule 26, advisory committee's notes (2015)).

A party may file a motion to compel discovery when the opposing party fails to provide proper responses to requests for production under Rule 34, fails to

11

answer an interrogatory submitted under Rule 33, or fails to make a disclosure required by Rule 26(a). Fed. R. Civ. P. 37(a)(3). "[T]he proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Pillar Title Agency v. Pei*, No. 2:14–cv–525, 2015 WL 2238180 (S.D. Ohio May, 12, 2015) (Kemp, M.J.) (citation omitted). If the proponent meets his initial burden, then "the party resisting production has the burden of establishing that the information is either not relevant or is so marginally relevant that the presumption of broad disclosure is outweighed by the potential for undue burden or harm." *Id*.

In his Motion, Mr. Hutt seeks to compel four categories of information or documents and makes three requests. The Court will address these items in the order set forth in Mr. Hutt's Motion.

### A. Mr. Hutt seeks documents regarding Defendant's pay practices.

The heading of Section A. of Mr. Hutt's Motion reads: "Defendant's counsel has broken promises to produce documents regarding pay practices and Plaintiff." (ECF No. 95, PageID 514.) According to the Motion, "[i]n September 2021, the parties agreed that Greenix would conduct further computer searches." (*Id.*) But, other than the reference in the section heading, the Motion neither specifies what documents Mr. Hutt is seeking to compel nor ties his argument to any specific request for production under Rule 34. The only specificity comes in the Reply Memorandum, in which Mr. Hutt complains that Defendant has not produced "wage complaints that have been made or filed with the federal or state wage and hour commissions." (ECF No. 112, PageID 716.)

12

Mr. Hutt has not stated with specificity the relevance or benefit of documents regarding pay practices or "wage complaints." Accordingly, he has not carried his burden in support of his Motion and his request to compel pay practices documents or wage complaints is **DENIED**.

### B.     Mr. Hutt seeks enterprise discovery.

The second area of discovery Mr. Hutt seeks to compel is FLSA "enterprise" discovery. (ECF No. 95, PageID 516.) He claims that information about corporate ownership (including affiliates) is relevant because the FLSA allows for enterprise liability and there "could" be additional appropriate defendants in this case. (*Id.* at PageID 516–17.)

Courts in this District recognize an "integrated enterprise" (a.k.a., "single employer") doctrine, pursuant to which a defendant may be liable for FLSA wages if the plaintiff can prove an indirect employment relationship with an entity legally or operationally distinct from the putative employer, notwithstanding the fact that the employee worked for another entity at the time in question. *See Swallows v. Barnes & Noble Book Stores, Inc.*, 128 F.3d 990, 993 & n.4 (6th Cir. 1997) (citing *NLRB v. Browning-Ferris Ind. of Pennsylvania, Inc.*, 691 F.2d 1117, 1122–23 (3d Cir. 1982)); *Martin v. Lincor Eatery, Inc.*, 423 F. Supp. 3d 432, 438–39 (E.D. Mich. 2019) (explaining the *Swallows* Court's "single employer" doctrine and that "[a]lthough, as noted, the Sixth Circuit has not expressly applied this doctrine to claims brought under the FLSA, a number of district courts in this Circuit have deemed it appropriate to do so") (collecting cases). This theory applies in situations where "two

nominally independent entities are so interrelated that they actually constitute a single integrated enterprise." *Swallows*, 128 F.3d at 993, n.4.

But the FLSA's recognition of enterprise liability does not make Mr. Hutt's discovery about entities related to Defendant relevant for purposes of discovery in this case. Mr. Hutt has not argued or shown that information about related corporate entities is of any consequence in this proceeding—he has the burden of demonstrating that there is at least a possibility that the information sought may be relevant to the claim or defense of any party in the action.

In fact, based on the record, "enterprise" discovery is not relevant. Defendant has admitted that it employed Mr. Hutt. (Answer, ECF No. 49, ¶ 1.) There are no allegations that Mr. Hutt needs to pierce the corporate veil or that Defendant is financial unstable or might be unable to pay any judgment issued in this case. Under the circumstances, to allow broad discovery of the interrelationship between Defendant and other companies based on nothing more than Mr. Hutt's assertions to date is disproportionate to the needs of the case at hand. Mr. Hutt has not met his burden and his request to compel production of "enterprise" discovery is **DENIED**.

    **C.**    **Mr. Hutt seeks a privilege log.**

Mr. Hutt next complains that Defendant has refused to provide a privilege log in response to discovery requests. (ECF No. 95, PageID 517–18.) The only discovery request that he complains about specifically is Request No. 5:

> REQUEST NO. 5. Identify and produce all documents involving in-house and outside counsel review of and advice regarding pay policies.

14

> This includes a privilege log.
>
> RESPONSE: Objection. Although Defendant—through its General Objections—has objected to every Request to the extent that it seeks documents protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege, Defendant objects to this Request because it is aimed solely at the production of such privileged material. Defendant will not search for or produce documents in response to this Request.

(ECF No. 95, PageID 518.)

As discussed above, "parties in a civil action may obtain discovery regarding any *nonprivileged* matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1) (emphasis added). A party withholding materials is required to use a privilege log so that it can identify, without producing, information that is otherwise discoverable but that is "privileged or subject to protection as trial-preparation material." Federal Rule of Civil Procedure 26(b)(5). Without a privilege log, the party opposing privilege is "unfairly denied the opportunity to assess the claim of privilege" because she cannot otherwise access the evidence relied upon in determining that a privilege applies. *Fuller v. Kerr*, No. 2:13–CV–13171, 2015 WL 1565367, at * 4 (E.D. Mich. Apr. 8, 2015) (referencing Fed. R. Civ. P. 26(b)(5)(A)(ii)).

Normally, as the party resisting production, Defendant bears the burden of establishing the existence of the attorney client privilege. *See, e.g., United States v. Dakota*, 197 F.3d 821, 825 (6th Cir. 1999). However, here, Mr. Hutt's discovery request specifically seeks attorney-client privileged information—he wants Defendant to "produce all documents involving in-house and outside counsel review of and advice regarding pay policies." (ECF No. 95, PageID 518.) The request itself

15

is improper and the Court will not require Defendant to create a privilege log in response to a request for privileged information. Mr. Hutt's request to compel a privileged log in response to Request No. 5 is **DENIED**.

### D. Mr. Hutt argues that Defendant waived the attorney-client privilege.

As an add-on to his argument that Defendant should be required to provide a privilege log, Mr. Hutt argues that Defendant has waived the attorney-client privilege because of its failure to make proper objections and to produce a privilege log. (ECF No. 95, PageID 520.) However, other than his reference to Request No. 5, Mr. Hutt fails to identify any specific request that he made or Defendant's response thereto for the Court to evaluate whether a particular objection is "proper" or whether a privilege log is required. As for Request No. 5, as the Court addressed above, it is an improper request for attorney-client communications. The Court **DENIES** Mr. Hutt's request that it find that Defendant has waived the attorney-client privilege.

### E. Mr. Hutt asks the Court to find that Defendant has waived any exemption affirmative defenses under Federal Rule of Civil Procedure 12(h).

In response to this portion of Mr. Hutt's Motion, Defendant states that it has stated all of its defenses in its Answer to the SAC and it has never asserted any exemption defense. (ECF No. 101, PageID 555.) Accordingly, Mr. Hutt's request that the Court find that Defendant has waived any exemption affirmative defenses is **DENIED as moot**.

### F. Mr. Hutt seeks contact information for non-employee witnesses.

Mr. Hutt's final complaint is that Defendant has failed to give him required contact information for witnesses identified in its Initial Disclosures. (ECF No. 95, PageID 523.) Not until his Reply does Mr. Hutt reveal that this grievance applies only to Jack McRae, a former Human Resource Director for Defendant. (ECF No. 112, PageID 720.) Mr. Hutt says that he needs contact information so that he can subpoena Mr. McRae for deposition and/or trial. (*Id.*)

Although it did not specifically address Mr. McRae in its Response to Mr. Hutt's Motion, Defendant has agreed to coordinate requested depositions without the need for a subpoena. (ECF No. 101, PageID 554–55.)

In light of Defendant's agreement, Mr. Hutt's request is **DENIED as moot**. Mr. Hutt can ask Mr. McRae for his contact information during his deposition or, if for some reason Mr. McRae does not agree to appear at deposition (or trial), Defendant shall then provide Mr. Hutt with Mr. McRae's contact information so that he can be subpoenaed.

### G. Mr. Hutt seeks attorney fees.

Because the Court has denied Mr. Hutt's motion in its entirety, his request for attorneys' fees is **DENIED**. (ECF No. 95, PageID 524.)

### VI. CONCLUSION

The Court hereby holds in abeyance Mr. Hutt's Motion for Conditional Class Certification. (ECF No. 75.)

Defendant's Motion to Strike (ECF No. 105) is **GRANTED**.

Mr. Hutt's Motion for Protective Order (ECF No. 104) is **DENIED**. Plaintiff's Motion for Leave to File Supplemental Evidence in Connection with the Motion for Protective Order (ECF No. 117) is **DENIED as moot.**

Mr. Hutt's Motion to Compel Discovery (ECF No. 95) is **DENIED**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**