**THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
|  | : |  |
|  | : |  |
| **KENNETH HUTT,** | : | **CASE NO.  2:20 CV 01108** |
| **PLAINTIFF/COLLECTIVE REPRESENTATIVE** | : | **JUDGE SARAH MORRISON** |
| **V.** | : | **MAGISTRATE ELIZABETH PRESTON DEAVERS** |
| **GREENIX PEST CONTROL LLC,** | | **COLLECTIVE ACTION** |
| **DEFENDANT** | | |

**PLAINTIFF KENNETH HUTT'S SUPPLEMENTAL BRIEF REGARDING THE STRONG LIKELIHOOD THAT PUTATIVE PLAINTIFFS ARE SIMILARLY SITUATED**

**STATEMENT OF CASE**

On February 27, 2022, Plaintiff Kenneth Hutt filed a Motion for Conditional Certification in this FLSA collective action. (Doc. No. 75, Plaintiff's Motion for Conditional Certification, Page ID# 350). In support of that Motion, Plaintiff filed a Declaration of Kenneth Hutt (Doc. No. 78, Ex. 1, Declaration of Kenneth Hutt, Page ID# 398) and interrogatory responses from Defendant Greenix. (Doc. No.75, Ex. 3, Greenix Discovery Responses; Page ID #371). Prior to that filing, several discovery issues could not be resolved by counsel and were thus brought before Magistrate Deavers. Both Counsel sent Magistrate Deavers a letter outlining several issues, including whether it was mandatory to use the conditional certification process in the Sixth Circuit. On October 26th and December 21, 2021, Magistrate Deavers held telephonic discovery conferences on the issues of discovery of identification of putative plaintiffs, whether conditional certification is mandatory, and other issues. (Doc. Nos. 65, 69, 74 ; Page ID## 323,

1

341). Plaintiff was concerned that without access to information related to putative plaintiffs, he may be unable to produce sufficient evidence on the "similarly situated" issue meeting, even under lenient evidentiary standard for conditional certification because the cases on this issue were not consistent. Case law was also split on the issue of production of class lists before conditional certification. But to avoid even further delay, on February 27, 2022, Plaintiff filed the conditional certification motion based on his own declaration and a discovery admission regarding pay practices by Greenix. (Doc. No. 75, Plaintiff's Motion for Conditional Certification, Page ID# 350).

On  March 31, 2023, this court issued an Order staying the decision on the Motion for Conditional Certification because the issue of whether the Sixth Circuit would adopt or reject the conditional certification approach used by district courts was pending before the Sixth Circuit Court of Appeal. (Doc. No. 127; Page ID# 843).

On May 19, 2023, the Sixth Circuit issued its opinion in Clark v. A&L Homecare & Training Ctr., LLC,   F.4th   , 2023 U.S. App. LEXIS 12365, 2023 WL 3559657 (6th Cir. 2023). Rejecting the district courts' conditional certification approach, the court adopted a "strong likelihood" evidentiary standard regarding the central "similarly situated" question and rejected use of the term "certification" for 29 U.S.C. ¶216 orders.

On  May 31, 2023, Judge Morrison issued an Order denying the motion for conditional certification. She ordered the parties to submit a supplemental brief on whether, in this case, there could be evidence that the collective members were similarly situated under the "strong likelihood" standard. (Doc. No. 128; Order Denying Motion for Conditional Certification and to File Supplemental Brief; Page ID# 861).

**STATEMENT OF FACTS**

Plaintiff incorporates by reference the Statement of Facts and arguments in his Motion for Conditional Certification. (Docs. No.75 & 78; Plaintiff's Motion for Conditional Certification and Plaintiff's Declaration, Page ID## 350 & 398). As stated therein, all Pest Control Technicians at all Ohio locations are subject to the same pay practices, job duties, and schedules. In fact, there are no differences in the jobs and working conditions of any of the putative plaintiff Pest Control Technicians. Plaintiff does not have any further evidence here to produce because Greenix refused to produce information regarding putative plaintiffs. Plaintiff went forward with the Motion for Conditional Certification based upon his own testimony and Greenix's discovery responses. Plaintiff submits, however, that this evidence is sufficient to support granting certification under the standards espoused in Clark. If not, such evidence is obtainable through discovery.

**ARGUMENT**

In A&L Homecare, supra, the Sixth Circuit noted that "[a] district court's determination to facilitate notice in an FLSA suit is analogous to a court's decision whether to grant a preliminary injunction." The court explained: "What the notice determination undisputedly shares in common with a preliminary-injunction decision … is the requirement that the movant demonstrate to a certain degree of probability that she will prevail on the underlying issue when the court renders its final decision." The Sixth Circuit then expressed its holding as "for a district court to facilitate notice of an FLSA suit to other employees, the plaintiffs must show a 'strong likelihood' that those employees are similarly situated to the plaintiffs themselves." Id. at Lexis 10 -13.

The Sixth Circuit further explained that this evidentiary standard "requires a showing greater than the one necessary to create a genuine issue of fact, but less than the one necessary to show a preponderance." Id.

The court noted that the issue of Notice and Consent should be addressed quickly. "If the plaintiffs in an FLSA suit move for court-approved notice to other employees, the court should waste no time in adjudicating the motion. To that end, a district court may promptly initiate discovery relevant to the motion, including if necessary by 'court order.' Fed. R. Civ. P. 26(d)(1)." Id.

Based on computer research searches, A&L Homecare appears to be the only case that has used the "strong likelihood" of "similarly situated" as a standard for Notice and Consent in an FLSA matter. Thus, this brief cannot cite or discuss comparable cases.

One of the primary debates in the conditional certification briefing is whether Plaintiff Hutt's "single affidavit" was sufficient to meet the "similarly situated" standard. Both parties cited authority to support their positions. According to A&L Homecare, evidence from other potential collective members could be necessary in some situations. Id. The court did not elaborate on that point, leaving it to the district courts to determine the parameters. Here, any further affidavits from putative plaintiffs would simply corroborate what is stated in Plaintiff's Affidavit. It assumes a credibility issue regarding Plaintiff's affidavit alone, which could be inappropriate in this preliminary finding. Plaintiff's position is that his affidavit alone contains sufficient facts to support a determination that there is a strong likelihood that the putative plaintiffs are "similarly situated." And Greenix's discovery response admitting to identical pay practices provides further evidence that contributes to meeting the "strong likelihood" standard.

4

## CONCLUSION

Plaintiff Kenneth Hutt can meet the evidentiary burden of showing a strong likelihood that the putative plaintiffs are similarly situated from the record evidence. Plaintiff requests that this court enter an Order permitting the Notice and Consent forms to be sent to putative plaintiffs. If the court finds that the current evidence in the record does not meet the threshold of the "strong likelihood" standard, Plaintiff requests that this court permit full discovery on the issue and, if necessary, issue court ordered discovery pertaining to this issue as suggested in A & L Homecare.

Respectfully Submitted,

s/Emily J. Lewis (0037300)
Law Offices of Emily J. Lewis, LLC
5650 Blazer Parkway
Dublin, OH 43017
ejl@elewislaw.com
614-734-6270

## CERTIFICATION OF SERVICE

A copy of the foregoing was sent via the court's electronic filing system to all counsel of record. on June 12, 2023.

s/Emily J. Lewis